**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| CARLTON WHEELER | : | |
| Petitioner | : | |
| v | : | Civil Action No. DKC-06-264 |
| DIRECTOR, PATUXENT INSTITUTION; GOVERNOR, STATE OF MARYLAND; THE DIRECTOR OF PUBLIC SAFETY AND CORRECTIONAL SERVICES; and COUNTY EXECUTIVE, JACK JOHNSON | : : : | |
| | : | |
| Respondents | | |

o0o

**MEMORANDUM**

The above-captioned Petition for Writ of Habeas Corpus, filed January 31, 2006, seeks monetary damages against Respondents for Petitioner's alleged illegal confinement to Patuxent Institution. Paper No. 1. Petitioner requests that the pleading be "entertained as a class action[1] suit [because it] will have an effect on any individual[s] that were confined in the Patuxent Institution from 1953 to 1977, and until present." *Id*. at p. 2. For the reasons that follow, the petition must be dismissed.

Petitioner alleges that, as a result of his commitment to Patuxent: he was incarcerated 18 years more than the criminal sentence imposed; he was deprived of a work history; he would have only served 4 ½ years of his twenty year sentence; and he was forced to hold correctional officers hostage to call attention to the illegal institution. *Id*. at pp. 2 – 3. As a result of taking the officers hostage, Petitioner admits he received an additional criminal sentence. *Id*. He further claims that

---

[1] The Fourth Circuit has consistently held that this circuit does not certify a class where a pro se litigant will act as representative of that class. *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975).

he was deprived of a musical career and he was sent to Patuxent because he is African American. *Id*. The sole relief sought is monetary damages, as Petitioner is no longer incarcerated, and the case is more appropriately construed as a civil rights complaint filed pursuant to 42 U.S.C. § 1983.[2] As such, it is subject to dismissal because it is barred by the applicable statute of limitations.

Petitioner previously filed a similar action in this court, which was dismissed as time-barred. *See Wheeler v. Governor State of Maryland, et al.*, Civil Action No. PJM-05-2598 (D. Md. 2005) at Paper No. 3 and 4. There is no federal statute of limitations for § 1983 actions, and therefore the applicable state statute applies. *See Burnett v. Grattan*, 468 U.S. 42 (1984); *see also Wilson v. Garcia*, 471 U.S. 261 (1985) (state statute governing personal injury should be applied to all § 1983 claims). Maryland has a three-year statute of limitations. *See* Md. Cts. & Jud. Proc. Code Ann. § 5-101 (1995); *see also Grattan v. Burnett*, 710 F.2d 160 (4th Cir. 1983). In his previous complaint, Petitioner indicated that he was released from prison in 1991. *See Wheeler*, Civil Action No. PJM-05-2598 at Paper No. 1, p. 5. Thus, the complaint filed fifteen years after his release from the alleged illegal incarceration and is therefore subject to dismissal. A separate Order follows.


____3/6/06_____                    _____/s/_____
Date                                     DEBORAH K. CHASANOW
                                         United States District Judge

---

[2] To the extent that Petitioner is seeking to invalidate his convictions, he has not demonstrated exhaustion of all available state remedies. If he has not exhausted state remedies, this court does not have jurisdiction of his claim and the petition is subject to dismissal of lack of jurisdiction. *See Rose v. Lundy,* 455 U.S. 509, 518 (1982).